**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

*ELECTRONICALLY FILED*

| | |
|---|---|
| DMI FURNITURE, INC.<br>9780 Ormsby Station Road<br>Suite 2000, Louisville, Kentucky 40223 | |
| | Civil Action No. 3-13-cv-492-S, _____ |
| DMI MANAGEMENT, INC.<br>9780 Ormsby Station Road<br>Suite 2000, Louisville, Kentucky 40223 | Judge _____ |
| Plaintiffs, | Magistrate _____ |
| v. | |
| eStyle, LLC<br>2711 Centerville Road<br>Suite 400, Wilmington, Delaware 19808 | |
| Defendant. | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**

Plaintiffs DMI Furniture, Inc. ("DMI Furniture") and DMI Management, Inc. ("DMI Management") (collectively referred to as "DMI" or "Plaintiffs"), for their complaint against Defendant eStyle, LLC ("eStyle" or "Defendant") state as follows:

**NATURE OF ACTION**

1. This is an action for infringement of trademarks registered under the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. § 1051 *et seq.*, 15 U.S.C. § 1114(a); and false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a).

**JURISDICTION AND VENUE**

2. As this case states claims for infringement of trademarks, false designation of origin and unfair competition under the Lanham Act, this court has jurisdiction over this matter under 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b).

**THE PARTIES**

4. DMI Management, Inc. ("DMI Management") is a corporation organized under the laws of the State of Kentucky with its principal place of business at 9780 Ormsby Station Road, Suite 2000, Louisville, Kentucky 40223.

5. DMI Furniture, Inc. ("DMI Furniture") is a corporation organized under the laws of the State of Delaware with its principal place of business at 9780 Ormsby Station Road, Suite 2000, Louisville, Kentucky 40223.

6. Defendant eStyle, LLC ("eStyle"), upon information and belief, is a limited liability company organized under the laws of the State of Delaware, with a registered place of business located at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

7. Defendant eStyle, upon information and belief, is the successor entity to eStyle, Inc., a corporation that did business as "BabyStyle" and offered maternity and infant clothing apparel, as well as other related products for children and infants through retail locations and online.

8. Defendant eStyle has no affiliation with DMI.

**BACKGROUND FACTS**

9. DMI Furniture is one of the most well-known manufacturers of furniture and furnishings for the home, garden and office in the United States.

10. DMI Furniture and its predecessors in interest have been in the business of manufacturing and supplying furniture and furnishings for the home, garden and office for over 100 years.

11. Today, DMI Furniture ranks as one of the leading manufacturers of furniture and furnishings for the home, garden and office in the United States.

12. DMI Furniture offers and sells a line of wooden furniture for the home, office, patio and garden under the federally registered HOME STYLES® mark (U.S. Reg. No. 2,810,598).

13. DMI Management owns the HOME STYLES registered mark and all common law rights in the HOME STYLES mark for use on furniture. DMI Management controls and oversees all use of the HOME STYLES mark by DMI Furniture and exercises quality control over DMI Furniture's use of the HOME STYLES mark in connection with wooden furniture for the home, office, patio and garden.

14. Recently, DMI became aware that Defendant eStyle filed an intent-to-use trademark application with the United States Patent & Trademark Office ("USPTO") on December 18, 2012 for the mark HOMESTYLE for use in connection with furniture as well as related retail services for the sale of said furniture via mail order catalog and online. That application was assigned Application Serial No. 85/805,525 and is currently pending before the USPTO.

15. Defendant is using a website located at www.homestyle.com to actively promote and advertise the imminent launch of its e-commerce site for this HOMESTYLE line of furniture and home products.

16. Defendant's e-commerce site will allow Defendant to sell its HOMESTYLE line of furniture and home products directly to consumers, including consumers in Kentucky and, specifically, within this judicial district.

17. Defendant is currently soliciting third party furniture producers and manufacturers and provides specific contact information on its website for parties who may be interested in selling furniture and home products through Defendant's e-commerce site located at www.homestyle.com.

18. Defendant's adoption and use of an identical mark to that of DMI's HOME STYLES mark, for use in connection with a line of furniture and home products, is likely to confuse consumers and cause consumers to believe that Defendant is sponsored by or otherwise affiliated with DMI, which is false.

## **The DMI Mark**

19. Founded in 1911, DMI has offered an extensive variety of furniture products and furnishings for the home, garden and office for over 100 years.

20. DMI actively promotes its furniture products for the home, garden and office through extensive advertising and frequent attendance at, and sponsorship of, trade shows and exhibitions.

21. Since its founding, DMI has actively sought opportunities for the expansion of its line of furniture products.

22. DMI seized an opportunity for product expansion with "ready to assemble" wooden furniture and filed an intent-to-use application with the United States Patent and Trademark Office ("USPTO") for HOME STYLES for use in connection with "wooden furniture" on January 16, 1998.

23. DMI launched its HOME STYLES line of wooden furniture by August 1, 1998.

24. That HOME STYLES application registered on the Supplemental Register on March 27, 2001 as U.S. Reg. No. 2,439,589.

25. Due to the successful marketing and promotion of the HOME STYLES line of furniture products, DMI experienced enormous sales and recognition, such that the HOME STYLES mark had acquired distinctiveness by 2003.

26. Due to this acquired distinctiveness, DMI subsequently submitted a new application for the principal register with the USPTO for its HOME STYLES mark for use on wooden furniture products.

27. DMI owns the following federally registered trademark, registered on the principal register for use in connection with its line of wooden furniture products:

> HOME STYLES, Registration No. 2,810,598, registered February 3, 2004, for wooden household furniture.

A copy of the certificate of registration for this trademark (the "DMI Registered Mark") is attached hereto as Exhibit A.  In addition, DMI has obtained common law trademark rights in the HOME STYLES mark through its use in commerce (the DMI Registered Mark and the common law trademark are collectively referred to as the "DMI Mark").

28. The certificate of registration identified in the preceding paragraph is valid and subsisting, and DMI Management owns record title to the DMI Registered Mark.

29. The certificate of registration is prima facie evidence of the validity of the DMI Registered Mark, DMI's ownership of the DMI Registered Mark, and DMI's exclusive right to use the DMI Registered Mark in connection with the goods and services specified in the certificate of registration.  See 15 U.S.C. § 1057(b).

30. Section 8 and 15 Affidavits have been filed in connection with the DMI Registered Mark and the registration is now incontestable.  See 15 U.S.C. § 1065.

31. The certificate of registration also provides constructive notice of DMI's claim of ownership.  See 15 U.S.C. § 1072.

32. Since launching its HOME STYLES brand in 1998, DMI has distributed its HOME STYLES furniture products through retail outlets across the United States, including but not limited to Wayfair and Home Depot.

33. To date, DMI has spent well over $20 million dollars in its marketing efforts for the promotion and sale of its HOME STYLES line of furniture products.

34. Such marketing efforts have included the frequent showing and attendance by DMI at trade shows and exhibitions to promote existing HOME STYLES furniture products and to introduce new HOME STYLES furniture products and furnishings to home furniture and furnishings retailers.

35. DMI operates a website at www.homestyles-furniture.com where consumers can go to learn more about the HOME STYLES furniture products and find retailers that carry HOME STYLES furniture products.

### Defendant's Infringing Activities

36. Defendant is expanding its maternity and infant clothing apparel business to include the sale of furniture and home products.

37. Defendant has adopted the HOMESTYLE mark for use in connection with this expanded line of furniture and home products.

38. Defendant, as seen on Exhibit B, markets and promotes the upcoming launch of its HOMESTYLE brand of furniture and home products on its website at homestyle.com. The homestyle.com website provides the following information:

**Welcome**

Thank you for stopping by our website. Currently, our site is under development. We are scheduled to have the site operational by the middle part of the summer 2013. Please stop back again to get an update on our progress.

**What is homestyle.com?**

Homestyle.com will provide a comprehensive website offering products for every stage in life. From furnishing your first apartment to starting your family and beyond, Homestyle.com will have the products you need to reach each of life's milestones in comfort and style. Whether you are buying for yourself, your children or even your grandchildren, Homestyle.com will have it all. We look forward to serving your needs in the near future.

If you would like more information or would like to sell your product on our site please email mike.miyaki@estyle.com.

39. As can be seen at Exhibit B, Defendant also displays photographs of home furniture and home furnishings on the website located at homestyle.com:



40. As demonstrated, Defendant is also seeking opportunities to sell third party furniture items and provides contact information for interested parties on its website at homestyle.com.

41. Upon information and belief, Defendant has compiled an existing inventory of furniture items and home products and is ready to launch its e-commerce site for these products under the HOMESTYLE mark.

42. Defendant applied for federal registration of its HOMESTYLE mark on December 18, 2012, a clear indication that Defendant believes it has trademark rights in the HOMESTYLE mark.

43. On January 22, 2013, DMI's counsel sent a cease and desist letter to the attention of Defendant's then listed attorney of record, advising Defendant of DMI's prior rights in the HOME STYLES mark and demanding that Defendant cease all use of HOMESTYLE in connection with its line of furniture and home products and abandon its intent to use application. Sporadic discussions occurred between DMI's counsel and Defendant's counsel, but eventually Defendant's counsel became unresponsive to all attempts at communication, including telephone, voice mail and email.

44. On April 2, 2013, the trademark examiner for Defendant's trademark application for HOMESTYLE issued an Office Action, refusing registration of the HOMESTYLE mark due to a likelihood of confusion with DMI's federal registration for HOME STYLES.

45. On April 24, 2013, DMI's counsel sent a courtesy copy of the January 22, 2013 letter to Defendant's new attorney of record as listed with the USPTO. To date, DMI's counsel has not received the courtesy of a reply.

46. Indeed, Defendant has taken no steps to cease use of the HOMESTYLE mark and the Defendant appears to be prepared to move forward with its plan to launch an e-commerce site for the sale of furniture and home furnishing products at homestyle.com under the HOMESTYLE mark.

47. Defendants' adoption and use of the HOMESTYLE mark for a line of furniture and home products is likely to confuse consumers and cause consumers to believe that Defendants are licensed by, sponsored by or affiliated with DMI, which is false.

48. DMI's use of HOME STYLES in connection with home and garden furniture and related home products and accessories and Defendant's use of HOMESTYLE in connection with furniture and home products are directly competitive uses, as both marks are used on identical products offered to the same consumers.

## COUNT ONE
## TRADEMARK INFRINGEMENT – REGISTERED MARK
## UNDER 15 U.S.C. 1114

49. Plaintiff incorporates the allegations contained in paragraphs 1 through 48 as if fully restated herein.

50. Upon information and belief, Defendant adopted and began using the HOMESTYLE mark in connection with furniture and home products long after DMI acquired superior rights in the HOME STYLES mark in connection with home, office and garden furniture and long after DMI had obtained registration and incontestability on the principal register for its HOME STYLES mark.

51. Defendant's use of an identical mark to that of the DMI Registered Mark creates a likelihood of confusion among consumers. Such consumers will assume that Defendant is somehow affiliated with the Plaintiffs, or that the Plaintiffs have authorized or licensed the Defendant to sell DMI's line of HOME STYLES furniture and home products, which is false.

52. The goodwill of the DMI Registered Mark, namely HOME STYLES, is of enormous value, and Plaintiffs will suffer immediate and irreparable harm should Defendant's unauthorized offering of furniture and home products under an identical mark continue.

53. The acts of Defendant in its unauthorized use of an identical mark to that of the DMI Registered Mark in connection with offering furniture and home products is intended to and will divert to the Defendant the benefit of the business reputation and goodwill symbolized by the DMI Registered Mark, which belongs exclusively to Plaintiffs.

54. Defendant's infringing use of an identical mark to that of the DMI Registered Mark in connection with its distribution of furniture and home products will likely continue unless enjoined by this Court.

55. Defendant's actions constitute infringement of the DMI Registered Mark under 15 U.S.C. § 1114(a).

56. Defendant's actions complained of herein have been willful.

57. Plaintiffs are entitled to a permanent injunction against Defendant, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorney's fees.

### COUNT TWO
### FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION
### UNDER 15 U.S.C. 1125

58. Plaintiff incorporates the allegations contained in paragraphs 1 through 57 as if fully restated herein.

59. Defendant's use of an identical mark to that of the DMI Mark in connection with the offering of furniture and home products falsely represents that such goods and services originate with, or are sponsored, endorsed, underwritten or licensed by Plaintiffs.

60. Defendant is not authorized to use an identical mark to that of the DMI Mark. Plaintiffs cannot exercise any control over the nature and quality of Defendant's furniture and home products, nor the customer service that Defendant provides to consumers.

61. Upon information and belief, Defendant's false designation of origin has been willful and deliberate, and was designed specifically to trade upon the consumer goodwill enjoyed by Plaintiffs in the home furniture and furnishings industry.

62. Plaintiffs' consumer goodwill is of enormous value, and Plaintiffs will suffer irreparable harm if Defendant's false designation of origin as to the DMI Mark is allowed to continue.

63. Defendant's false designation of origin will likely continue unless enjoined by this Court.

64. Plaintiffs are entitled to a permanent injunction against Defendant, as well as all other remedies available under the Lanham Act, including but not limited to compensatory damages; treble damages; disgorgement of profits; and costs and attorney's fees.

WHEREFORE, Plaintiff requests that the Court order:

1. The issuance of a permanent injunction enjoining Defendant and its agents, servants, employees, successors, representatives and assigns, and all others in concert and privity with them, from using the DMI Mark, namely HOME STYLES, or any mark confusingly similar thereto, in any manner in the advertising, promotion or sale of goods or services in the furniture and home products industry, and from infringing or falsely designating the origin of the DMI Mark;

2. The issuance of a permanent injunction enjoining Defendant from using the DMI Mark, namely HOME STYLES, or any mark confusingly similar thereto for any goods or services in the furniture and home products industry, or otherwise engaging in acts or conduct that would cause confusion as to the source, sponsorship or affiliation of Plaintiffs with Defendant;

3. That Defendant account to Plaintiffs for its profits and the actual damages suffered by Plaintiffs as a result of Defendant's acts of infringement and false designation of origin, together with interest and costs, and that such damages be trebled because of the willful acts described above, which acts were committed in knowing disregard of Plaintiffs' rights;

4. That Defendant surrender all copies of any materials mentioning any goods or services in the furniture and home products industry that they have created or obtained bearing the DMI Mark, namely HOME STYLES, or any mark confusingly similar thereto, for destruction, and that they be enjoined from creating, purchasing or acquiring such materials in the future or placing them on a website;

5. That Defendant provide a list of all clients and customers of Defendant's goods/services and send each client and customer a letter, approved in advance by Plaintiffs, advising that Defendant is not connected or affiliated with Plaintiffs and informing each client and Customer of Defendant's new brand name for its furniture and home products business;

6. That Defendant pay compensatory and treble damages to Plaintiffs;

7. That Defendant disgorge all profits realized from its offering of furniture and home products under the DMI Mark, namely HOME STYLES, or any mark confusingly similar thereto;

8. That Defendant pay Plaintiffs' attorneys' fees, together with the costs of this suit; and,

9. All other and further relief as may be just and equitable.

                        Respectfully submitted,

                        *s/ Carla De La Barra Helstrom*
                        D. Christopher Robinson
                        Carla De La Barra Helstrom
                        FROST BROWN TODD, LLC
                        400 W. Market Street, 32nd Floor
                        Louisville, KY 40202-3363
                        Telephone: 502-589-5400
                        Facsimile: 502-581-1087
                        crobinson@fbtlaw.com
                        cdelabarra@fbtlaw.com
                        *Attorneys for DMI Management, Inc. and DMI Furniture, Inc.*

OF COUNSEL
Samantha M. Quimby (0081968)
Austin D. Padgett (085368)
FROST BROWN TODD LLC
10 West Broad Street, Ste. 2300
Columbus, OH 43215
Telephone: (614) 464-1211
Facsimile: (614) 464-1737

LOULibrary 0000AQQ.0215882   1468418v1